**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Plaintiff-Appellee,**

v.

**CHESAPEAKE & OHIO RAILWAY COMPANY, Defendant-Appellant.**

No. 14408.

United States Court of Appeals
Sixth Circuit.

Oct. 27, 1961.

Certiorari Denied Jan. 22, 1962.

See 82 S.Ct. 479.

Gerald Kirven, Louisville, Ky., of counsel (Louis Seelbach, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Ky., on the brief), for appellant.

John P. Sandidge, Louisville, Ky., of counsel (R. P. Hobson, H. G. Breetz, Louisville, Ky., on the brief), for appellee.

Before MARTIN and CECIL, Circuit Judges, and DARR, Senior District Judge.

PER CURIAM.

This appeal involves a collision between an automobile and a passenger train of the Chesapeake and Ohio Railway Company, at a crossing known as the Avoca Crossing, at the intersection of Avoca Road and Aiken Road, in Jefferson County, Kentucky.

The point of collision was in the country outside of any municipal corporation and was on a main line of the Louisville and Nashville Railroad Company between Louisville and Lexington, Kentucky. At the place where the accident occurred, the main line tracks and a siding adjacent thereto were owned and maintained by the Louisville and Nashville Railroad Company. Further reference to these railroads will be by their commonly abbreviated names, C. and O. and L. and N.

The C. and O. operated its trains over the tracks of the L. and N. by virtue of a contract entered into between the parties in 1895. There were mutual covenants in this contract that each party, respectively, would be responsible for damages caused by its own fault or negligence.

The driver of the automobile was seriously injured and her damages were paid jointly by the two railroad companies, without prejudice to the right of either to recover from the other the amount expended in making the settlement. By payment to the driver, contributory negligence on her part was waived and the issue to be determined was whose negligence caused the collision.

Briefly stated, the facts concerning the accident are as follows: The railroad tracks run in a general east and west direction and Aiken Road crosses the tracks at grade, running generally north and south. On September 17, 1955, the day before the accident, the L. and N. placed twenty gondola cars on the west end of the siding. The placing of these cars caused the easternmost car of a string of cars already on this siding to be moved so that its eastern end was only twenty-four feet from the west side of Aiken Road. It is claimed by C. and O. that this was in violation of the rule of the L. and N. that there should be at least fifty feet clearance from the highway and was the cause of the accident. At the time of the accident, Mrs. Godbey, the driver of the automobile, was crossing the tracks from north to south. The proof tended to show, that with this car in this position, the closest place of safety at which she could have stopped, she could not have seen the eastbound C. and O. train which struck her until it was within ninety-four feet of the highway. At the same time and with the automobile at the same place, the engine crew could not have seen the hood of the automobile until the train was within three hundred feet of the crossing. Without this car on the siding, as it was, there was a clear view of an approaching train for approximately thirteen hundred feet.

Each company charged the other with negligence and they could not agree between themselves on a settlement of the dispute as to whose negligence caused the collision. The C. and O. wanted to arbitrate in accordance with a provision of the 1895 contract. The L. and N. declined arbitration and brought suit in the District Court for the Western District of Kentucky to recover its portion of the damages paid to Mrs. Godbey.

The case was tried to a jury on three issues: was the accident caused by the negligence of the C. and O., by the negligence of the L. and N., or by their joint negligence? The jury found against the C. and O. on these issues and judgment was entered for the L. and N.

The questions presented were pure questions of fact and there was substantial evidence to warrant submitting the issues to the jury. The jury having made its findings on the facts, we cannot say that they are contrary to the evidence. The instructions to the jury were adequate and accurate. Proximate cause was properly defined and whether the accident was caused by the placing of the L. and N. gondola car on the siding, as it was, or by the operation of the C. and O. train, were questions upon which reasonable minds might differ.

It is our opinion, after viewing the film which was rejected in evidence by the trial judge, that it would not have been helpful to the jury. He committed no error in respect to the admission of evidence.

An examination of the law and the evidence concerning arbitration leads us to the conclusion that the trial judge correctly decided this issue presented by the C. and O.

The judgment of the District Court should be and it is accordingly affirmed.